UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| CHARLES DAWSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:19-cv-00222-JPH-MJD |
| ) | |
| ROBERT E. CARTER, ) | |
| CHARLES DUGAN, ) | |
| DICK BROWN, ) | |
| JERRY SNYDER, ) | |
| RANDALL PARCEL, ) | |
| JACK HENDRIX, ) | |
| ) | |
| Defendants. ) | |

**ENTRY DENYING PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

For the reasons explained in this Entry, plaintiff Charles Dawson's motion for summary judgment, dkt. [39], is **denied.**

**I. Background**

Plaintiff Charles Dawson is a prisoner confined at all relevant times at the Wabash Valley Correctional Facility (Wabash Valley). He brings this 42 U.S.C. § 1983 civil rights action against defendants Charles Dugan, Dick Brown, Jerry Snyder, and Randall Parcel.[1] Mr. Dawson alleges that he has been on Department Wide Administrative Segregation (DWAS) since October 31, 2018, and has received nothing but perfunctory 30-day reviews, about which he learns only after the fact. Dkt. 7 (Screening Entry). He also alleges that the conditions of confinement in segregation violated his Eighth Amendment rights. *Id.*

---

[1] Summary judgment was granted in favor of defendants Robert E. Carter and Jack Hendrix on December 17, 2020. Dkt. 60.

1

The defendants have responded, dkt. [52-53] and Mr. Dawson did not reply. The motion is ripe for resolution.

## II. Summary Judgment Standard

A motion for summary judgment asks the Court to find that a trial is unnecessary because there is no genuine dispute as to any material fact and, instead, the movant is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a). On summary judgment, a party must show the Court what evidence it has that would convince a trier of fact to accept its version of the events. *Gekas v. Vasilades*, 814 F.3d 890, 896 (7th Cir. 2016). The moving party is entitled to summary judgment if no reasonable fact-finder could return a verdict for the non-moving party. *Nelson v. Miller*, 570 F.3d 868, 875 (7th Cir. 2009). To survive a motion for summary judgment, the non-moving party must set forth specific, admissible evidence showing that there is a material issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

The Court views the record in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Skiba v. Illinois Cent. R.R. Co.*, 884 F.3d 708, 717 (7th Cir. 2018). It cannot weigh evidence or make credibility determinations on summary judgment because those tasks are left to the fact-finder. *Johnson v. Advocate Health and Hosps. Corp.*, 892 F.3d 887, 893 (7th Cir. 2018).

The Court need only consider the cited materials, Fed. R. Civ. P. 56(c)(3), and the Seventh Circuit Court of Appeals has repeatedly assured the district courts that they are not required to "scour every inch of the record" for evidence that is potentially relevant to the summary judgment motion before them. *Grant v. Trustees of Indiana University,* 870 F.3d 562, 573-74 (7th Cir. 2017).

### III.  Discussion

Mr. Dawson alleges that his case is "100% identical to *Isby v. Brown, et al.,* 1:12-cv-116-JMS-MJD," dkt. 39 at 11, in which the Court, after a two-day bench trial, found due process violations against the defendants who had confined Mr. Isby in DWAS for more than a decade without due process. *Isby* at dkt. 274. In support of Mr. Dawson's motion for summary judgment, he cites to testimony that was given in the 2018 *Isby* trial, but none of that testimony related to Mr. Dawson. In addition, at the time he filed this action, May 7, 2019, dkt. 1, Mr. Dawson had not been confined in DWAS for years, but for months. Moreover, the reasons he was placed in DWAS and kept there are different than those presented in *Isby*. Dkt. 52-2. His case is *not* 100% identical to *Isby*.

"The Supreme Court held in *Hewitt* [*v. Helms,* 459 U.S. 460 (1983)] that the Due Process Clause mandates that prison officials periodically review whether an inmate placed in administrative segregation continues to pose a threat." *Isby v. Brown,* 856 F.3d 508, 524 (7th Cir. 2017). "[A] meaningful review ... is one that evaluates the prisoner's current circumstances and future prospects, and, considering the reason(s) for his confinement to the program, determines whether that placement remains warranted." *Id.* at 527 (internal quotation omitted).

Mr. Dawson alleges that he "never received a (30) day review" in accordance with Indiana Department of Correction policy, dkt. 39 at 9, and yet he submitted copies of three monthly Wabash Valley Secured Housing Unit Department Administrative Restrictive Status Housing Review forms dated November 2018, January 2019, and February 1, 2019, respectively. Dkt. 40 at 3-5. The defendants also submitted evidence of additional monthly reviews. Dkt. 52-2. A genuine issue of material fact remains, however, whether such reviews were "meaningful" for purposes of due process.

Mr. Dawson has not designated any evidence in support of his Eighth Amendment claims.

## IV. Conclusion

In sum, Mr. Dawson has not shown that he is entitled to judgment as a matter of law. Therefore, his motion for summary judgment, dkt. [39], is **denied.**

**The clerk is directed** to terminate Robert E. Carter and Jack Hendrix as defendants on the docket.

The Magistrate Judge is requested to set this matter for a status conference to determine whether Mr. Dawson's claims will be resolved through settlement or trial.

**SO ORDERED.**

Date: 1/11/2021

*James Patrick Hanlon*
James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

CHARLES DAWSON
162406
NEW CASTLE - CF
NEW CASTLE CORRECTIONAL FACILITY - Inmate Mail/Parcels
1000 Van Nuys Road
NEW CASTLE, IN 47362

All electronically registered counsel

Magistrate Judge Mark J. Dinsmore

4